### BURNETT et v FESLER et

Ohio Appeals, 9th Dist, Wayne Co
No. 883. Decided June 22, 1931

H. R. Smith, Wooster, for Burnett et.
B. G. Hay, Wooster, for Fesler.

**FUNK, J.**

Two principal errors are claimed as grounds for reversal: first, that the trial court failed to apply the proper rule in weighing the evidence, and second, that the judgment and finding of the trial court is manifestly against the weight of the evidence.

It seems to be the contention of counsel for plaintiffs that, because the parties now disagree and testify differently as to what the agreement was concerning the consideration for the land and the payment of the ditch assessments, there was not a meeting of the minds of the parties, that there was thus no agreement at all between them, and that therefore the mistake could not have been a mutual mistake and that defendants' only remedy would be an action for a recission of the contract or deed rather than for reformation, and which would require a tender by the defendants' to make plaintiffs whole as a basis for the action.

It is conceded by counsel on both sides that in order to reform and correct a written instrument, the mistake must have been mutual and that the same must be proved by clear and convincing evidence.

The subsequent conduct of the parties after the execution and delivery of the deed and its acceptance by the defendants, leaves no doubt that there was a contract in the instant case. The only question at issue was, What was the contract?

We have carefully read the record and are of the opinion that there was clear and convincing evidence of a mutual mistake, and that the trial court was not in error in holding that such evidence was of greater weight than the evidence to the contrary.

The mere fact that the parties testified differently as to what the agreement was, does not necessarily mean that there was not an agreement and that both parties did not understand it alike at the time and that the mistake was thus not mutual. If that fact alone prevented a finding that there was an agreement between parties, a court could never determine whether there was a contract in a lawsuit where the parties disagreed and testified differently. Moreover, if both agreed as to what the contract was, there would be no occasion for litigation to determine what it was.

While from the point of view of plaintiffs and the argument of their counsel it would seem that plaintiffs are paying a good round sum, if not too much, for the land in question if the contract was as claimed by defendants, it would on the other hand also seem, from the point of view of defendants and the argument of their counsel, that the purchase price would be ridiculously low if the contract was as claimed by plaintiffs.

It must be remembered that under such a situation a reviewing court cannot set up its judgment against that of the jury or trial court, which saw and heard the witnesses testify, and, that a reviewing court will not reverse the verdict or finding of a trial court on the weight of the evidence unless such verdict. or finding is so clearly unsupported by the evidence, as it appears from the record, as to indicate misapprehension, mistake, bias or willful disregard of duty.

With the above rules in mind, and the further rule that a court or jury may believe or disbelieve any part or all of the testimony of any witness, and further remembering that so much depends upon seeing and observing the witnesses upon the stand as they are giving testimony, as compared with merely reading such testimony in cold type, we cannot say, under the conflict there is in the testimony of the several parties to this suit, when considered with certain undisputed facts and the record as a whole, that the finding of the court is manifestly against the weight of the evidence or that the court failed to apply the proper rule in weighing the evidence.

Under the record in this case, we cannot do otherwise than affirm the judgment.

PARDEE, PJ, and WASHBURN, J, concur.